# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BRYANT PATRICK NEWCOMB,

           Petitioner,

v.

SUPERINTENDENT S. ANGOL,

           Respondent.

Case No. 3:23-cv-00274-JMK

## ORDER OF DISMISSAL

On December 5, 2023, Bryant Patrick Newcomb, a self-represented pretrial detainee in the custody of the State of Alaska, filed a petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Section 2241"), a civil cover sheet, and 12 supporting "evidentiary" documents.[1] This is Mr. Newcomb's second petition challenging his pretrial detention, again alleging violations of his due process and speedy trial rights. Mr. Newcomb also challenges the legality of the Alaska Supreme Court's pandemic-related orders that temporarily suspended jury trials. The Court takes judicial notice[2] of Mr. Newcomb's pending criminal case, *State of Alaska v. Bryant Patrick Newcomb,* Case No. 3PA-20-01693CR, and his previous

---

[1] Dockets 1–3.

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service,* 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

Section 2241 petition in *Newcomb v. State of Alaska,* Case No. 3:22-cv-00260-SLG.[3]

## SCREENING REQUIREMENT

A court must "promptly examine" a habeas petition.[4] If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the Court must dismiss the petition.[5] 28 U.S.C. § 2241 ("Section 2241") provides federal courts with general habeas corpus jurisdiction.[6] Section 2241 is the proper avenue for a state prisoner who seeks to challenge his state custody when there is no state judgment, such as here, where Mr. Newcomb challenges his pretrial detention.[7] However, upon screening, it plainly appears that Mr. Newcomb is not entitled to relief, and his petition must be dismissed.

## DISCUSSION

As with Mr. Newcomb's previous petition, the doctrine of *Younger* abstention compels the Court to abstain from exercising jurisdiction over his current petition. While the Court recognizes his last petition was dismissed over a year ago,

---

[3] The docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[4] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts. *See also* Local Habeas Corpus Rule 1.1(c)(2) ("Except as otherwise specifically provided by statute, rule or order of the court . . . the Rules Governing Section 2254 Cases in the United States District Courts, apply to all petitions for habeas corpus relief filed in this court.").

[5] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts.

[6] *Rasul v. Bush,* 542 U.S. 466, 473 (2004).

[7] *See Magana-Pizano v. INS,* 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

Mr. Newcomb has not sufficiently alleged bad faith or harassment by state officials, and nothing in the Petition demonstrates an extraordinary circumstance warranting the Court's interference with the Alaska Court System's regular judicial procedure.[8]

Mr. Newcomb argues that he has been prevented from filing his own defenses or constitutional challenges during the pendency of his criminal case while he is represented.[9] The state court—applying Alaska Rule of Criminal Procedure 50 and Alaska Rule of Civil Procedure 81(c), which require that represented parties file motions and pleadings only through counsel—has rejected Mr. Newcomb's attempts to file requests for dismissal. There is no indication Mr. Newcomb has requested or been denied the opportunity to represent himself. Nor is there any indication he or his counsel will be unable to file any necessary filings, including appeals or post-conviction relief proceedings, should Mr. Newcomb be convicted. Rather, "for at least fifty years, the Alaska Supreme Court has been willing to consider errors involving deprivation of fundamental rights of [an] appellant for the first time on appeal, including those involving speedy-trial violations."[10] Finally, the Ninth Circuit controlling precedent maintains that the extraordinary circumstances surrounding the COVID-19 pandemic justified

---

[8] *See Brown,* 676 F.3d at 902–03 (affirming district court's dismissal of habeas petition under *Younger* for failure to identify extraordinary circumstance warranting federal intervention).

[9] Docket 1 at 8.

[10] *Hiratsuka v. Houser,* Case No. 22-35180, 2023 WL 5695995, at *1 (9th Cir. 2023) (unpublished). *See also Hinshaw v. State,* 515 P.3d 129, 131 (Alaska Ct. App. 2022) (reversing conviction because trial court erred in refusing to allow the defendant to represent himself).

delaying jury trials, and therefore, did not violate the right to a speedy trial.[11] Although the Court recognizes a year has passed since Mr. Newcomb's previous habeas petition was dismissed, he has not yet exhausted his state court remedies and has not shown that a futility exception exists.

**IT IS THEREFORE ORDERED:**

1. The Petition at Docket 1 is **DISMISSED**.

2. All pending motions are **DENIED as moot**.

3. The Clerk of Court is directed to enter a Final Judgment in this case.

4. A Certificate of Appealability shall not issue.[12]

DATED this 17th day of April, 2024, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M, KINDRED
UNITED STATES DISTRICT JUDGE

---

[11] *United States v. Olsen,* 21 F.4th 1036, 1046 (9th Cir. 2022).

[12] 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3:23-cv-00274-JMK, *Newcomb v. Angol*
Order of Dismissal
Page 4 of 4
Case 3:23-cv-00274-JMK   Document 4   Filed 04/17/24   Page 4 of 4